**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

Jose Martinez, individually,

    Plaintiff,

v.

A2M4Seen, LLLP d/b/a Workplace Resource, a Colorado limited liability limited partnership,

    Defendants.

---

**COMPLAINT WITH JURY DEMAND**

---

COMES NOW, the Plaintiff, Jose Martinez, by and through his attorneys, Thomas H. Mitchiner, of Mitchiner Law, LLC and Nathaniel J. Thompson of the Law Offices of Nathaniel J. Thompson, submits his Complaint with Jury Demand against A2M4Seen, LLLP d/b/a Workplace Resource, and states and alleges as follows:

**Nature of the Case**

This is an employment discrimination case arising from the discriminatory treatment of Jose Martinez by his employer, A2M4Seen, LLLP d/b/a Workplace Resource. The discriminatory practices, based on national origin, Mexican, and race, Hispanic, include but are not limited to discriminating against Jose Martinez concerning the terms and conditions of his employment, assignment of duties, and termination of employment. The discriminatory actions violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 (Section 1981); Title VII of the Civil Rights Act of 1961, 42 U.S.C. §§2000e *et seq.* as amended (Title VII).

1

## Jurisdiction and Venue

1. Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331, 1343 (a) (3) (4), 42 U.S.C. § 1981, and 42 U.S.C. § 2000e-5(f).

2. This is an action authorized and instituted pursuant to Title VII and Section 1981.

3. The claims at issue arose in the state of Colorado.

4. All claims arose in the Judicial District of this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) (c) and 42 U.S.C. Section 2000e-5(f) (3), and 42 U.S.C. Section 1981.

## Parties

6. Plaintiff, Jose Martinez [Martinez] is a resident of the City and County of Denver, State of Colorado.

7. Defendant, A2M4Seen, LLLP d/b/a Workplace Resource [Workplace Resource] is a Colorado limited liability limited partnership, with its principal place of business in Colorado at 9600 East 40th Avenue, Denver, CO 80238.

8. Martinez is an employee under Title VII and Section 1981.

9. A2M4Seen, LLLP d/b/a Workplace Resource is an employer under Title VII and Section 1981.

## Administrative Procedures

10. Prior to filing this action, Martinez timely, properly, and lawfully exhausted all required administrative prerequisites procedures and remedies.

11. Martinez filed a charge of national origin discrimination against Workplace Resources with the Equal Employment Opportunity Commission (EEOC) on or about May 17, 2019 [EEOC Charge No. 541-2019-01049].

12. On January 9, 2020 the EEOC mailed, and Martinez received a "Notice of Right to Sue" for EEOC Charge No. 541-2019-01049, which entitles him to initiate this action within 90 days of the mailing of said notice.

13. Martinez has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## Background

14. Workplace Resources is a Front Range company that provides installation of furniture and systems in offices.

15. Martinez is a Hispanic male from Mexico.

16. Workplace Resources treated Martinez in a discriminatory manner, more adversely than similarly situated white employees and employees not from Mexico, concerning the terms and conditions of his employment, evaluation of performance, assignment of duties, and termination of employment.

## General Allegations

17. Martinez began working for Workplace Resources on or about April 4, 2017.

18. Martinez most recently held the position of Installation Supervisor.

19. As an Installation Supervisor Martinez was responsible for installing the office equipment at the locations of Workplace Resources customers.

20. Martinez was not responsible for ordering the materials needed for the projects, selling the projects or managing the projects.

21. Workplace Resources terminated his employment on or about November 28, 2018.

22. Throughout Martinez's employment, he performed his duties in a satisfactory manner.

23. Martinez had never been disciplined or counseled throughout his employment up to his termination.

24. Martinez earned $23.00 per hour as an Installation Supervisor.

25. Around September 2018 Rick Anusson, a White male not of Martinez's national origin, became Martinez's direct supervisor.

26. On November 7, 2020 and on November 14 or 15, 2020, Workplace Resources had Martinez installing new office systems at the National Institute of Standards and Technology [NIST] office in Boulder, CO.

27. Roger Blalock [Blalock], was Martinez's contact person at NIST.

28. On November 7, 2020, Martinez installed the frames for the cubicles at NIST.

29. On November 14 or 15, 2020, Martinez returned to NIST to complete the project.

30. After working on the project it became apparent to Martinez and NIST that Workplace Resources had not ordered the correct parts for the job.

31. Because all of the parts were not correct Martinez had to create a a list of missing or damaged parts called a "punch list."

32. The missing, wrong and unnecessary parts caused a three-hour delay in completing the project on the last day of the project.

33. Blalock complained to Martinez about the missing and wrong parts and told him that Workplace Resources had ordered the wrong parts on two other jobs for NIST.

34. Martinez told Blalock that he would share his concerns with Anunson.

35. Martinez tried to contact Workplace Resources, the Project Manager and Anunson about the missing, wrong and unnecessary parts but could not get a hold of anyone.

36. After hearing Blalock's complaints and being unable to get a hold of any of his supervisors, Martinez talked with Blalock and asked Blalock if he could go through a reserve of parts from NIST's storage area to find parts that could be substituted to allow Martinez to complete the project.

37. Blalock approved of this solution, and escorted Martinez and two other workers to the storage area, and allowed them to go through the storage to find the needed parts.

38. Using the reserve parts Martinez was able to complete the installation to the satisfaction of NIST and Blalock.

39. On or about November 19, 2018 Martinez informed Anunson that Blalock had complained to him about the parts that had been ordered and that they were not necessary, and that Blalock had told Martinez that this had happened two times before.

40. Martinez also told Blalock that he could not get a hold of the Project Manager for the NIST project and that the Project Manager did not go the project on either of the days Martinez was present.

41. On or about November 28, 2018 while at work Martinez received an email from Anunson informing Martinez that Workplace Resources had placed him on administrative leave.

42. Martinez immediately reached out via text message to Anunson to discuss the suspension but did not hear back from Anunson until later that evening.

43. Anunson informed Martinez he placed Martinez on leave because a customer had made very serious complaints about him.

44. Martinez asked Anunson to share with him who made the complaint and the subject matter of the complaint.

45. Anunson did not share this information with Martinez only saying that it was not NIST, that it was another customer that Anunson had spoken with in person that day.

46. Anunson then asked Martinez if he had completed a "punch list" for the NIST project.

47. Martinez told Anunson that he had.

48. Anunson then told Martinez that Brian Adams [Adams] a salesperson, had gone to Rachel Clark [Clark] a vice president of Workplace Resources and told her that Martinez did not complete the punch list.

49. Martinez did send the punch list in compliance with company processes and procedures.

50. On or about November 29, 2018 Anunson called Martinez to inform him that he needed to come to the office the next day November 30, 2018 with all Workplace Resources property.

51. Workplace Resources had decided to terminate Martinez.

52. Martinez again asked who made the complaints and what the complaint was about.

53. Anunson informed Martinez that the complaint had in fact come from NIST but did not inform Martinez of the subject matter of the complaint.

54. To this day, Martinez does not know the subject matter of the complaint.

55. Workplace Resources did not give Martinez the opportunity to learn about the subject matter of the complaint and refute, clarify or provide his explanation of the events.

56. Terminating Martinez did not accurately reflect his performance and was unwarranted.

57. Workplace Resources typically gives employees not of Martinez's protected class an opportunity to explain their actions.

58. Further, Workplace Resources does not terminate employees not of Martinez's protected class because of complaints from customers.

59. A White similarly situated supervisor was told to leave the job by a customer because of his attitude and he was not terminated or disciplined by Workplace Resources.

60. As a direct, foreseeable, and proximate result of the intentional unlawful conduct complained of herein, Martinez suffered injuries, damages and other losses. Martinez's damages include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and the loss of wages, earnings, income, diminution of earning capacity, actual and/or potential retirement benefits, loss of employment, future pecuniary losses, and other damages to be determined at trial.

**First Claim for Relief**
(Race Discrimination – Section 42 U.S.C. § 1981)

61. The foregoing allegations are realleged and incorporated by reference.

62. Workplace Resources discriminated against Martinez because of his race.

63. Workplace Resources discriminated against Martinez: (a) with respect to his compensation, terms, conditions, or privileges of employment, because of his race; and/or (b) by limiting, segregating, or classifying Martinez in a way, which deprived, or tended to deprive, Martinez of employment opportunities, or otherwise adversely affect his status as an employee, because of his race.

64. By the conduct described above, Workplace Resources intentionally deprived Martinez, a Hispanic male, of the same rights and working conditions, as the White employees of Workplace Resources, in the performance, enjoyment, continuation, and all the benefits and privileges of his employment relationship with Workplace Resources, in violation of 42 U.S.C. § 1981.

65. Workplace Resources treated Martinez, a Hispanic male, more adversely than White employees, because of his race, concerning the terms and conditions of employment, assignment of duties, performance evaluations, and termination of employment.

66. Workplace Resources engaged in direct, continual, increasing, and intentional racial discrimination in taking adverse unlawful employment practices against Martinez because of his race.

67. In its discriminatory actions as alleged above, Workplace Resources acted willfully, with malice or reckless indifference to the rights of Martinez, thereby entitling him to an award of punitive damages and/or liquidated damages.

**Second Claim for Relief**
(National Origin Discrimination – Title VII, 42 U.S.C. § 2000e *et. al.*)

68. The foregoing allegations are realleged and incorporated by reference.

69. Workplace Resources discriminated against Martinez because of his national origin.

70. Workplace Resources discriminated against Martinez: (a) with respect to his compensation, terms, conditions, or privileges of employment, because of his national origin, Mexican; and/or (b) by limiting, segregating, or classifying Martinez in a way, which deprived, or tended to deprive, Martinez of employment opportunities, or otherwise adversely affect his status as an employee, because of his national origin.

71. By the conduct described above, Workplace Resources intentionally deprived Martinez, a Mexican, of the same rights and working conditions, as the non-Mexican employees of Workplace Resources, in the performance, enjoyment, continuation, and all the benefits and privileges of his employment relationship with Workplace Resources, in violation of 42 U.S.C. § 2000e et. seq.

72. Workplace Resources treated Martinez, a Mexican, more adversely than non-Mexican employees, because of his national origin, concerning the terms and conditions of employment, assignment of duties, performance evaluations, and termination of employment.

73. Workplace Resources engaged in direct, continual, increasing, and intentional national origin discrimination in taking adverse unlawful employment practices against Martinez.

74. In its discriminatory actions as alleged above, Workplace Resources acted willfully, with malice or reckless indifference to the rights of Martinez, thereby entitling him to an award of punitive damages.

**Demand for Judgement**

WHEREFORE, Plaintiff, Jose Martinez, respectfully prays for a judgment to be entered against A2M4Seen, LLLP d/b/a Workplace Resource, as follows:

A. Against Workplace Resources for back pay, loss of benefits, and all economic benefits associated with Martinez's employment, under Title VII and 42 U.S.C. § 1981 as allowed by law;

B. Against Workplace Resources for front pay under Title VII and 42 U.S.C. § 1981 as allowed by law;

C. Against Workplace Resources for punitive and compensatory damages available to Martinez under Title VII, and 42 U.S.C. § 1981, as allowed by law;

D. Against Workplace Resources for attorney's fees and costs available to Martinez under Title VII, 42 U.S.C. § 1981and 42 U.S.C. Section 1988 (b)(c), as allowed by law;

E. Costs, as allowed by law; and

F. To award Martinez and any and all other legal and equitable relief, to which Martinez is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## JURY TRIAL REQUEST

Pursuant to Fed.R.Civ.P. 38 (a)(b)(c), Title VII, and 42 U.S.C. § 1981, and all applicable laws providing for a right to trial by jury, Martinez seeks a jury trial of all claims and issues in this action.

Respectfully submitted this 4/1/20.

| Mitchiner Law, LLC | Law Office of Nathaniel J. Thompson, LLC |
|---|---|
| By: /s/ Thomas H. Mitchiner | By: /s/ Nathaniel J. Thompson |
| Thomas H. Mitchiner | Nathaniel J. Thompson |
| Mitchiner Law, LLC | Law Office of Nathaniel J. Thompson, LLC |

| | |
|---|---|
| 1888 N. Sherman St., Ste 200<br>Denver, CO 80203<br>Phone: 720-538-0371<br>E-mail:<br>tmitchiner@mitchinerlawllc.com<br>Attorney for Plaintiff Jose Martinez | 6635 S Dayton Street, Suite 320<br>Greenwood Village, CO 80111<br>Phone: 720 319 7049<br>E-mail: nathaniel@njtlaw.net<br>Attorney for Plaintiff Jose Martinez |

11